UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-60826

ANTHONY EWELL,

     Plaintiff,

vs.

CITY OF FORT LAUDERDALE, a
Political subdivision of the State of Florida,
PAUL ALEXANDER sued in his individual
capacity,

     Defendants.
_____/

## DEFENDANT CITY OF FORT LAUDERDALE'S ANSWER AND DEFENSES

The Defendant City of Fort Lauderdale ("City"), by and through its undersigned attorneys files its answer and defenses to Plaintiff's Complaint and states as follows:

1. The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 1 and therefore denies the same and demands strict proof thereof.

2. The allegations contained in paragraph 2 are admitted.

3. The allegations contained in paragraph 3 are admitted.

4. The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 4 and therefore denies the same and demands strict proof thereof.

5. It is admitted that the Court has subject matter jurisdiction of the action. All remaining allegations contained in paragraph 5 are denied.

6. It is admitted that venue is proper in the Southern District of Florida, Fort Lauderdale Division.

7. The allegations contained in paragraph 7 are denied.

8. The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 8 and therefore denies the same and demands strict proof thereof.

9. The allegations contained in paragraph 9 are denied.

10. The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 10 and therefore denies the same and demands strict proof thereof.

11. The allegations contained in paragraph 11 are denied.

12. The allegations contained in paragraph 12 are denied.

13. The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 13 and therefore denies the same and demands strict proof thereof.

14. The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 14 and therefore denies the same and demands strict proof thereof.

15. The allegations contained in paragraph 15 are denied.

16. The allegations contained in paragraph 16 are denied.

17. The allegations contained in paragraph 17 are denied.

18. The allegations contained in paragraph 18 are denied.

19. The Defendant is without sufficient knowledge at this time to specifically admit

or deny the allegations contained in paragraph 19 and therefore denies the same and demands strict proof thereof.

20. The allegations contained in paragraph 21 are denied.

21. With respect to the allegations contained in paragraph 21, it is admitted that Ewell was arrested on charges of disorderly conduct, resisting an officer without violence and trespass. The Defendant is without sufficient knowledge at this time to specifically admit or deny the remaining allegations contained in paragraph 21 and therefore denies the same and demands strict proof thereof.

22. With respect to the allegations contained in paragraph 22, it is admitted that following a trial Ewell was acquitted of the disorderly conduct and resisting an officer without violence charges and that the state dismissed the trespass charge. All remaining allegations contained in paragraph 22 are denied.

23. The allegations contained in paragraph 23 are denied.

24. The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 24 and therefore denies the same and demands strict proof thereof.

25. Count I (paragraphs 25-29) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count I (paragraphs 25-29) are denied.

26. Count I (paragraphs 25-29) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count I (paragraphs 25-29) are denied.

27. Count I (paragraphs 25-29) does not seek relief against the Defendant City and as

a result no further response is required. To the extent any further response is required, the allegations contained in Count I (paragraphs 25-29) are denied.

28. Count I (paragraphs 25-29) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count I (paragraphs 25-29) are denied.

29. Count I (paragraphs 25-29) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count I (paragraphs 25-29) are denied.

30. Count II (paragraphs 30-33) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count II (paragraphs 30-33) are denied.

31. Count II (paragraphs 30-33) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count II (paragraphs 30-33) are denied.

32. Count II (paragraphs 30-33) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count II (paragraphs 30-33) are denied.

33. Count II (paragraphs 30-33) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count II (paragraphs 30-33) are denied.

34. Count III (paragraphs 34-38) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count III (paragraphs 34-38) are denied.

35. Count III (paragraphs 34-38) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count III (paragraphs 34-38) are denied.

36. Count III (paragraphs 34-38) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count III (paragraphs 34-38) are denied.

37. Count III (paragraphs 34-38) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count III (paragraphs 34-38) are denied.

38. Count III (paragraphs 34-38) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count III (paragraphs 34-38) are denied.

39. Count IV (paragraphs 39-41) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count IV (paragraphs 39-41) are denied.

40. Count IV (paragraphs 39-41) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count IV (paragraphs 39-41) are denied.

41. Count IV (paragraphs 39-41) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count IV (paragraphs 39-41) are denied.

42. It is admitted that Count 5 purports to be a state law tort claim against the Defendant City for false imprisonment/false arrest. All remaining allegations contained in

paragraph 42 are denied.

43. The allegations contained in paragraph 43 and its various subparts are denied.

44. The allegations contained in paragraph 44 are denied.

45. Count VI (paragraphs 45-48) does not seek relief against the Defendant City and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count VI (paragraphs 45-48) are denied.

46. Count VI (paragraphs 45-48) does not seek relief against the Defendant City and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count VI (paragraphs 45-48) are denied.

47. Count VI (paragraphs 45-48) does not seek relief against the Defendant City and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count VI (paragraphs 45-48) are denied.

48. Count VI (paragraphs 45-48) does not seek relief against the Defendant City and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count VI (paragraphs 45-48) are denied.

49. It is admitted that Count VII purports to be an action for battery under Florida law against the Defendant City.   All remaining allegations contained in paragraph 49 are denied.

50. The allegations contained in paragraph 50 are denied.

51. The allegations contained in paragraph 51 are denied.

52. The allegations contained in paragraph 52 are denied.

53. The allegations contained in paragraph 53 are denied.

54. Count VIII (paragraphs 54-59) does not seek relief against the Defendant City and as a result no further response is required.  To the extent any further response is required, the

allegations contained in Count VIII (paragraphs 54-59) are denied.

55. Count VIII (paragraphs 54-59) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count VIII (paragraphs 54-59) are denied.

56. Count VIII (paragraphs 54-59) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count VIII (paragraphs 54-59) are denied.

57. Count VIII (paragraphs 54-59) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count VIII (paragraphs 54-59) are denied.

58. Count VIII (paragraphs 54-59) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count VIII (paragraphs 54-59) are denied.

59. Count VIII (paragraphs 54-59) does not seek relief against the Defendant City and as a result no further response is required. To the extent any further response is required, the allegations contained in Count VIII (paragraphs 54-59) are denied.

60. Each and every allegation of the Complaint is denied unless specifically admitted hereinabove.

61. At all times material, Officer Alexander Paul had probable cause to believe that an arrestable offense had been committed and that Plaintiff Anthony Ewell committed the offense.

62. Any force used by Officer Alexander Paul to effect the arrest of Plaintiff Anthony Ewell was reasonable and justified under the circumstances to effect the arrest and/or to protect

officer Paul or others from bodily harm.

63. The Defendant City is entitled to all of the terms, benefits and limitations of liability set forth in Florida Statute Section 768.28 et seq. Plaintiff's claims for prejudgment interest and punitive damages against the Defendant City fail to state claims upon which relief can be granted. See Section 768.28(5).

64. The Plaintiff has failed to mitigate his damages as required by law.

Dated: May 13, 2020

Respectfully submitted,

/s/Michael T. Burke
Michael T. Burke, Esquire (338771)
Burke@jambg.com
Cardona@jambg.com
Johnson, Anselmo, Murdoch,
Burke, Piper & Hochman, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, Florida 33304
Telephone: 954-463-0100
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of May, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
*Counsel for Defendants*
2455 East Sunrise Boulevard, Ste. 1000
Fort Lauderdale, FL 33304
Telephone: 954-463-0100

BY: */s/Michael T. Burke*
    MICHAEL T. BURKE
    Florida Bar No. 338771

**SERVICE LIST**

Faudlin Pierre, Esq.
Pierre Simon
600 S.W. 4th Avenue
Ft. Lauderdale, FL 33315
305-336-9193
Fplaw08@yahoo.com

---

Michael T. Burke, Esquire
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Ste. 1000
Ft. Lauderdale, FL 33304
954-463-0100
Burke@jambg.com
Cardona@jambg.com