UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-60826

ANTHONY EWELL,

      Plaintiff,

vs.

CITY OF FORT LAUDERDALE, a
Political subdivision of the State of Florida,
PAUL ALEXANDER sued in his individual
capacity,

      Defendants.

_____/

## DEFENDANT ALEXANDER PAUL'S ANSWER AND DEFENSES

The Defendant Alexander Paul ("Paul"), by and through his undersigned attorneys files his answer and defenses to Plaintiff's Complaint and states as follows:

1.      The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 1 and therefore denies the same and demands strict proof thereof.

2.      The allegations contained in paragraph 2 are admitted.

3.      The allegations contained in paragraph 3 are admitted, except that Defendants correct name is Alexander Paul.

4.      The Defendant admits that all times material he acted within the course and scope of his employment as a law enforcement officer with the City of Fort Lauderdale.

5.      It is admitted that the Court has subject matter jurisdiction of the action.  All remaining allegations contained in paragraph 5 are denied.

6.      It is admitted that venue is proper in the Southern District of Florida, Fort Lauderdale Division.   All remaining allegations contained in paragraph 6 are denied.

7.      The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 7 and therefore denies the same and demands strict proof thereof.

8.      The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 8 and therefore denies the same and demands strict proof thereof.

9.      The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 9 and therefore denies the same and demands strict proof thereof.

10.     The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 10 and therefore denies the same and demands strict proof thereof.

11.     The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 11 and therefore denies the same and demands strict proof thereof.

12.     The allegations contained in paragraph 12 are denied.

13.     The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 13 and therefore denies the same and demands strict proof thereof.

14.     The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 14 and therefore denies the same and demands

strict proof thereof.

15.     The allegations contained in paragraph 15 are denied.

16.     The allegations contained in paragraph 16 are denied.

17.     The allegations contained in paragraph 17 are denied.

18.     The allegations contained in paragraph 18 are denied.

19.     The allegations contained in paragraph 19 are denied.

20.     The allegations contained in paragraph 20 are denied.

21.     It is admitted that Defendant Paul arrested Ewell on charges of disorderly conduct, resisting an officer without violence and trespass.   The Defendant is without sufficient knowledge at this time to specifically admit or deny the remaining allegations contained in paragraph 21 and therefore denies the same and demands strict proof thereof.

22.     It is admitted that on or about June 5, 2019 Plaintiff Ewell was acquitted by a jury.   All remaining allegations contained in paragraph 22 are denied.

23.      The allegations contained in paragraph 23 are denied.

24.     It is admitted that at all times material Defendant Paul acted within the course and scope of his employment as a law enforcement officer with the City of Fort Lauderdale.

25.     It is admitted that Count I seeks relief for a claimed violation of 42 U.S.C. §1983, but it is denied that Count I states a claim upon which relief can be granted or that Plaintiff is entitled to any relief.

26.     The allegations contained in paragraph 26 are denied.

27.     The allegations contained in paragraph 27 are denied.

28.     The allegations contained in paragraph 28 are denied.

29.     It is admitted that at all times material Defendant Paul acted within the course and scope of his employment as a law enforcement officer with the City of Fort Lauderdale.

30.     It is admitted that Count II seeks relief for a claimed violation of 42 U.S.C. §1983, but it is denied that Count II states a claim upon which relief can be granted or that Plaintiff is entitled to any relief.

31.     The allegations contained in paragraph 31 are denied.

32.     The allegations contained in paragraph 32 are denied.

33.     It is admitted that Defendant Paul at all times material acted within the course and scope of his employment as a law enforcement officer with the City of Fort Lauderdale.

34.     It is admitted that Count III seeks relief for a claimed violation of 42 U.S.C. §1983, but it is denied that Count III states a claim upon which relief can be granted or that Plaintiff is entitled to any relief.

35.     The allegations contained in paragraph 35 are denied.

36.     The allegations contained in paragraph 36 are denied.

37.     The allegations contained in paragraph 37 are denied.

38.     It is admitted that Defendant Paul at all times material acted within the course and scope of his employment as a law enforcement officer with the City of Fort Lauderdale.

39.     It is admitted that Count IV seeks relief for a claimed violation of Florida tort law, but it is denied that Count IV states a claim upon which relief can be granted or that Plaintiff is entitled to any relief.   Any remaining allegations contained in paragraph 39 are denied.

40.     The allegations contained in paragraph 40 and its subparts are denied.

41.     The allegations contained in paragraph 41 are denied.

42.     Count V (paragraphs 42-44) does not seek relief against Defendant Paul and as a

result no further response is required.  To the extent any further response is required, the allegations contained in Count V (paragraphs 42-44) are denied.

43.     Count V (paragraphs 42-44) does not seek relief against Defendant Paul and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count V (paragraphs 42-44) are denied.

44.     Count V (paragraphs 42-44) does not seek relief against Defendant Paul and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count V (paragraphs 42-44) are denied.

45.     It is admitted that Count VI seeks relief for a claimed violation of Florida tort law, but it is denied that Count VI states a claim upon which relief can be granted or that Plaintiff is entitled to any relief.   All remaining allegations contained in paragraph 45 are denied.

46.     The allegations contained in paragraph 46 are denied.

47.     The allegations contained in paragraph 47 are denied.

48.     The allegations contained in paragraph 48 are denied.

49.     Count VII (paragraphs 49-53) does not seek relief against Defendant Paul and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count VII (paragraphs 49-53) are denied.

50.     Count VII (paragraphs 49-53) does not seek relief against Defendant Paul and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count VII (paragraphs 49-53) are denied.

51.     Count VII (paragraphs 49-53) does not seek relief against Defendant Paul and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count VII (paragraphs 49-53) are denied.

52.     Count VII (paragraphs 49-53) does not seek relief against Defendant Paul and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count VII (paragraphs 49-53) are denied.

53.     Count VII (paragraphs 49-53) does not seek relief against Defendant Paul and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count VII (paragraphs 49-53) are denied.

54.     It is admitted that Count VIII seeks relief against Defendant Paul for a claim under Florida tort law, but it is denied that Count VIII states a claim upon which relief can be granted or that Plaintiff is entitled to any relief.

55.     The allegations contained in paragraph 55 are denied.

56.     It is admitted that the criminal proceeding terminated in favor of Plaintiff Ewell. Any remaining allegations contained in paragraph 56 are denied.

57.     The allegations contained in paragraph 57 are denied.

58.     The allegations contained in paragraph 58 are denied.

59.     The allegations contained in paragraph 59 are denied.

60.     Each and every allegation of the Complaint is denied unless specifically admitted hereinabove.

61.     At all times material, Defendant Paul had probable cause to believe that an arrestable offense had been committed and that Plaintiff Anthony Ewell had committed the offense.

62.     Any force used by Defendant Paul on the person of Anthony Ewell was reasonable and justified under the totality of the circumstances to effect the arrest of Plaintiff Ewell and/or to protect Defendant Paul or others from bodily harm.

63.     At all times material, Defendant Paul acted within the scope of his discretionary authority as a law enforcement officer with the City of Fort Lauderdale and his actions did not violate any clearly established law.   As a result, Defendant Paul is entitled to qualified immunity for the federal claims asserted against him in this action.

64.     The claim asserted in Count III is duplicative of the claim asserted against Defendant Paul in Count I.   Count III does not state a separate and independent claim for relief under 42 U.S.C. §1983, and as a result should be dismissed.

65.     At all times material Defendant Paul was acting within the course and scope of his employment as a law enforcement officer with the City of Fort Lauderdale and as a result Defendant Paul has  immunity for the claims asserted against him in Counts IV, VI and VIII pursuant to Section 768.28(9).

66.     The Plaintiff has failed to mitigate his damages as required by law.


Dated: May 13, 2020

Respectfully submitted,


 /s/Michael T. Burke
Michael T. Burke, Esquire (338771)
Burke@jambg.com
Cardona@jambg.com
Johnson, Anselmo, Murdoch,
Burke, Piper & Hochman, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, Florida 33304
Telephone: 954-463-0100
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 13th day of May, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

JOHNSON, ANSELMO, MURDOCH, BURKE,
PIPER & HOCHMAN, P.A.
*Counsel for Defendants*
2455 East Sunrise Boulevard, Ste. 1000
Fort Lauderdale, FL 33304
Telephone: 954-463-0100

BY: */s/Michael T. Burke*
    MICHAEL T. BURKE
    Florida Bar No. 338771

## **SERVICE LIST**

Faudlin Pierre, Esq.
Pierre Simon
600 S.W. 4th Avenue
Ft. Lauderdale, FL 33315
305-336-9193
Fplaw08@yahoo.com

Michael T. Burke, Esquire
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Ste. 1000
Ft. Lauderdale, FL 33304
954-463-0100
Burke@jambg.com
Cardona@jambg.com