**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:20-CV-60826-AMC**

**ANTHONY EWELL**,
    Plaintiff,

      v.                              **[JURY DEMAND]**

**CITY OF FORT LAUDERDALE,** a
Political subdivision of the State of Florida,
**ALEXANDER PAUL** sued in his individual
capacity,
Defendant.

## JOINT PLANNING & SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(b) of the United States District Court

for the Southern District of Florida, by and through the undersigned counsel, Plaintiff, ANTHONY

EWELL, and Defendants, CITY OF FORT LAUDERDALE, AND ALEXANDER PAUL

(collectively, the "Parties"), file this Joint Scheduling Report.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

**FED. R. CIV. P. 26(F)(3) DISCOVERY PLAN**

(A)  **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

The parties do not believe any changes should be made to required disclosures.  The parties agree to serve initial disclosures by **February 19, 2022.**

(B)  **The subjects on when discovery may be needed, when discovery should be completed, and when discovery should be conducted in phases or be limited to or focused on particular issues:**

The parties anticipate taking discovery on the issues raised in the pleadings as permitted under the Federal and Local Rules.

**Plaintiff's Statement:**  Plaintiff does not believe discovery should be conducted in phases or limited to particular issues.

**Defendants' Statement:**  Defendants do not believe discovery should be conducted in phases or limited to particular issues.

(C)  **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

**Plaintiff's Statement:**  No issues of note.  Information and documents should be produced in Adobe PDF format.

**Defendants' Statement:**  No issues of note.  While not anticipated for this matter, to the extent that documents and information relevant to discovery shall require the implementation of an ESI protocol, Defendants will work toward an agreement on same with Plaintiff and its counsel, and seek guidance from the Court should same be needed.

(D)  **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order:**

If the need arises, the Parties will seek entry of this Protective Order and/or Confidentiality Agreement by the Court.

(E)  **What changes should be made in the limitation on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

Without waiving Defendants' request to bifurcate discovery as set out above, at this time the Parties do not anticipate changes to the limitations to discovery. The parties reserve their rights to amend this response as necessary.

(F)     **Any other orders the Court should issue under Rule 26(c) or Rules 16(b) and (c):**

Other than the Scheduling Order required under Rule 16(b)(1), none at this time.

## LOCAL RULE 16.1(B)(2) CONFERENCE REPORT

**Case Management Track pursuant to S.D. Fla. L.R. 16.1(a)**

The Parties believe this case should be assigned to the "Standard Track" given the complexity of the case and time estimated for discovery.

A.  **The likelihood of settlement:**

The Parties have agreed to keep settlement discussions open.

B.      **The likelihood of appearance in the action of additional parties:**

The Parties currently do not anticipate the appearance of additional plaintiffs, defendants, or any otherwise interested parties.

C.  **Proposed limits on the time:**

I.      Cutoff to join other parties and amend the pleadings: **August 10, 2022**

II.     The parties shall disclose experts, expert witness summaries and reports, as required by

Federal Rule of Civil Procedure 26(a)(2):

**For Plaintiff: February 2, 2023**

**For Defendants: February 2, 2023**

III.    The Parties shall exchange rebuttal expert witness summaries and reports, as required

by Federal Rule of Civil Procedure 26(a)(2):

**For Plaintiff: March 2, 2023**

**For Defendants: March 2, 2023**

IV.     The Parties shall complete mediation and within seven (7) days of mediation, file a

mediation report with the Court:  **January 8, 2023**

V.      The Parties shall file all motions to strike or exclude expert testimony, whether based

on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,

509 U.S. 579 (1993), or for any other reason.  If a favorable ruling on the motion(s) would be case dispositive, however, all such motions must be filed by the dispositive motion deadline:  **March 4, 2023**

VI.     The Parties shall each file one motion in limine.  All motions in limine must be filed at least six (6) weeks before calendar call:  **March 4, 2023**

VII.     Discovery deadlines:

    a.  Deadline to complete all discovery, including fact and expert discovery, both written and depositions:  **March 19, 2023**

VIII.     Deadline for filing dispositive motions:  **March 25, 2023**

IX.     The Parties shall submit their deposition designations:  **March 24, 2023**

X.     A final pretrial conference will be held pursuant to Federal Rule of Civil Procedure 16:  **March 30, 2023**

XI.     Joint pretrial stipulation must be filed pursuant to Local 16.1(d):  **March 31, 2022**

XII.     Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted:  **March 31, 2023**

**D.  Proposals for the formulation and simplifications of issues:**

The Parties agree to cooperate in trying to simplify the issues through discovery.

**E.    The necessity or desirability of amendments to the pleadings:**

At this time, Plaintiff does not anticipate amending the pleadings; however, to the extent necessary, any motion(s) to amend will be filed within the time frame set forth above.

**F.    The possibility of obtaining admissions of fact and documents to avoid unnecessary proof:**

The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action.  The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the Parties and/or their respective representatives and/or employees.  At this time, there is no need for any advance rulings with respect to admissibility of evidence.

**G.**     **Suggestions of the avoidance of unnecessary proof and cumulative evidence:**

The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

**H.**     **Suggestions on the advisability of referring matters to a Magistrate Judge or Master:**

The Parties consent to referring discovery matters to a Magistrate Judge only.

**I.**     **Preliminary estimate of the time required for trial:**

The Parties believe that trial will take 5-7 days.

**J.**     **Requested date or dates for conferences before trial, a final pretrial conference and trial:**

The Parties proposed the following dates:

(1) Final pretrial conference:     **March 30, 2023**
(2) Two-week Trial Period:     **Beginning April 3, 2023**

**K.**     **Any other information that might be helpful to the Court**

(i)     Should it be needed as discovery begins in this matter, the Parties will intend to file an Agreement regarding Discovery of ESI to specifically address the disclosure, and preservation of ESI.  The Parties will review the ESI Checklist available via the Court's website in reaching this agreement.

(ii)     The Parties will attempt to stipulate to a Protective Order and/or Confidentiality Agreement regarding claims of privilege or of protection of trial-preparation materials.

(iii)     Consent to Service by Email:  Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties agree that discovery papers and other papers not required to be filed and served through the Court's CM/ECF system may be served by email through counsel.

(iv)     ***Whether the trial will be jury or non-jury:***  Plaintiff has requested a Jury Trial.

Dated: February 17, 2022.

PIERRE **SIMON**
Attorneys for Plaintiff
600 Southwest 4th Avenue,
Fort Lauderdale, Florida 33315

 *s/Michael T. Burke*
Michael T. Burke, Esquire (338771)
Burke@jambg.com
Cardona@jambg.com

By: s/ Faudlin Pierre
Faudlin Pierre, Esq.
FBN. 56770
fplaw08@yahoo.com
(305) 336-9193

Johnson, Anselmo, Murdoch, Burke, Piper &
Hochman, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, Florida 33304
Telephone: 954-463-0100
*Counsel for Defendants*